UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GARNELL THOMPSON,
                    Plaintiff                    Complaint

V.

NEW YORK STATE Corrections            Civil Action No.
and Community Supervision;
CENTRAL OFFICE REVIEW COMMITTEE,      Jury Trial Demanded
John Doe, Director of Clinton Correctional
Facility Health Services, Matthew Rushford,
Nurse Administrator, Susan Devlin-Varin,
Nurse Practitioner, Mariejose King,
Deputy Superintendent of Programs,
Mary Bernadette Sheehan, RN
Senior Utilization Review Nurse,
individually and in their official Capacities,
                    Defendants.

                    I. Complaint

Plaintiff, Garnell Thompson, Pro Se for his Complaint
States as follows:
II. Parties, Jurisdiction and Venue

1. Plaintiff, Garnell Thompson was Confined in

Clinton Correctional Facility, located at P.O. Box 2000 Dannemora, New York 12929, from May 2006 to August 2020, Plaintiff is currently confined at Wende Correctional Facility Wende Rd., P.O. Box 1187 Aiden, New York 14004-1187.

2. Plaintiff Garnell Thompson is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of New York.

3. Defendant NEW YORK STATE Corrections and Community Supervision at all relevant times herein had a duty to operate its Prisons with due regard for the health and safety of each prisoner in its custody.

4. Defendant CENTRAL OFFICE REVIEW COMMITTEE (CORC) at all relevant times herein had a duty to show due regard for health and safety of prisoners in custody of NEW YORK STATE Corrections and Community Supervision.

5. Defendant Director of Clinton Correctional Facility Health Services in February 2020, and at all relevant times herein had a duty to show due regard for the health and safety of prisoners in custody of NEW YORK STATE at Clinton Correctional Facility.

6. Defendant Mathew Rushford, Nurse Administrator at all relevant times herein had a duty to ensure that Clinic in Clinton Correctional Facility operated on daily basis with due regard for the health and safety of prisoners recieving medical treatment.

7. Defendant Susan Devlin-Varin, Nurse Practitioner at all relevant times herein was designated Plaintiff's medical provider with duty to show due regard for Plaintiff's health and safety.

8. Defendant Mariejose King, Deputy Superintendent of Programs at all relevant times herein had a duty to show due regard for Plaintiff's sensorial disabilities and safety.

9. Defendant Mary Bernadette Sheehan, Registered Nurse at all relevant times herein had duty to show due regard for Plaintiff's health and safety.

10. Defendants Named in Numbered Paragraphs 5, 6, 7, 8, and 9 are employed as agents or employees of Clinton Correctional Facility Health Services.

11. Defendant NEW YORK STATE Corrections and Community Supervision was at all relevant times herein — responsible for management of New York State prisons, their day-to-day operations and executes its policies.

12. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, Title II of the Americans with Disabilities Act (42 U.S.C. §§ 12101-12132), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794). This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

13. This cause of action arose in the Northern District of New York. Therefore venue is proper under 28 U.S.C. Section 1391 (b).

14. Plaintiff's claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure.    III Previous Lawsuits by Plaintiff

15. Plaintiff has filed No other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

IV. Exhaustion of Administrative Remedies

16. Plaintiff filed grievance, appealed Inmate Grievance Committee's determination of grievance to Superintendent, and appealed Superintendent's determination to Central Office Review Committee.

V. Statement of Claim

17. At all relevant times herein defendants were—
"Persons" for purposes of 42 U.S.C. Section 1983 and
acted under color of law to deprive Plaintiff of his
Constitutional rights, as set forth more fully below.

VI Statement of Facts

18. Defendant NEW YORK STATE Corrections and Community
Supervision (DOCCS) showed deliberate indifference
to Plaintiff's Serious Medical Needs on February 26,
2020, when it disobeyed Doctor Jonathan Huz's
Order for post-operative follow up care for
Plaintiff (Prisoner) after his retinal Surgery
on February 24, 2020. The Defendant after recieving
Doctor Huz's fax (Exhibit-A) did Not follow Doctor
Huz's instructions Numbered 1, 2, 3, or had Plaintiff
brought to Slingerlands for evaluation on week of
Operation. As direct result Plaintiff loss vision in
his Right Eye. Plaintiff suffers from continuos
Pain in his Right Eye, and painful headaches
that required that he be put in hospital
in Albany New York in August 2020.

19. Defendant CENTRAL OFFICE REVIEW COMMITTEE
Condoned Medical Staff and Deputy Superintendent

of Programs denial of Plaintiff's request for — Reasonable Accommodations due to his Sensorial disabilities. The CENTRAL OFFICE REVIEW COMMITTEE (CORC) held its hearing on September 17, 2020, Concerning Plaintiff's grievance CL-037-20. Pursuant to its investigation CORC learned from Division of Health Services' Staff that Plaintiff had severe visual impairment and was legally — Blind. See, CORC Decision Exhibit—B. More over, CORC Stood silent Conerning Plaintiff's request that Correction Officer John Doe be instructed to discontinue denying and delaying Prisoners access to Medical treatment. The Plaintiff did not agree with any determinations made by IGRC, Superintendent at Clinton Correctional Facility, or CORC.

20. Defendant Director of Clinton Correctional Facility Health Services (FHSD) was responsible for all aspects of Plaintiff's Care on February 25, 2020, until August 2020. Said, responsibility included referrals for outpatient Care. On February 26, 2020, the defendant recieved fax from Doctor Jonathan Huz instructing on how to treat Plaintiffs' Right Eye following Cataract Surgery on February 24, 2020, and directing defendant to send —

Plaintiff to Slingerlands for evaluation on week of Surgery. The defendant did not follow Doctor Huz's instructions Concerning: 1) Removal of bandage dressing from plaintiff's Eye; 2) Cleaning of Plaintiff's Eye; 3) Reapplying of Plastic eye Shield; and 4) Having plaintiff brought to Slingerlands for — Post-operative follow up Care. In addition, the defendant Knew after reading fax Doctor Huz Sent in Care of Medical Staff for Plaintiff, that the risks of No follow up Care after Surgery included but was Not limited to "irreversible retinal damage, loss of eye, or loss of Vision." See, Fax attached as Exhibit- C. In March 2020, after Not recieving Doctor Huz's Prescribed post operative Care Plaintiff loss all Vision in his Right Eye. See, HEALTH PROVIDER ORDER — SHEET which is absent any order by defendant for Cleaning of Plaintiff's Right Eye following Cataract Surgery on February 24, 2020, attached as Exhibit- D.

21. Defendant Mathew Rushford, Nurse Administrator read both faxed letters authored by Doctor Huz pertaining to post operative Care and evaluation for Plaintiff on February 26, 2020. The defendant Knew of and disregarded —

the excessive risk to Plaintiff's health and Safety when he ignored Doctor Huz's orders. By March 2020, Plaintiff (Inmate) loss vision in his Right Eye.

22. Defendant Susan Devlin-Varin, Nurse Practitioner (Medical Provider) Scheduled Plaintiff for Cataract Extration Surgery (Right Eye) on January 17, 2020. Following Cataract Procedure on February 24, 2020, Susan Devlin-Varin read both letters faxed by Doctor Jonathan Huz to Medical Staff in Clinton Correctional Facility Clinic to Plaintiff who was Visually impaired. The defendant Knew of the excessive risk to Plaintiff's health and Safety— When She did not Clean Plaintiff's Right Eye or Schedule Plaintiff for Post operative Care at Slingerlands on Week of Surgery as Ordered by Doctor Huz. More over, Susan Devlin-Varin falsely reported that Plaintiff was Not entitled to Reasonable Accommodations due to his Sensorial Disabilities When asked by Deputy Superintendent of Programs at Clinton Correctional Facility to furnish Medical Verification Concerning Plaintiff's application Seeking Reasonable Accommodations. See, application Stamped Recieved March 13, 2020, Exhibit-E. Defendant Claimed that Plaintiff's application should Not

be approved because: Follow-up Appointment was Necessary; and reevaluation would be Needed after Surgery and follow up approximately by May 2020. Said, Claims made by defendant were belied by fact that Susan Devlin - Varin did Not make any appointments for Plaintiff to recieve follow up Care after recieving Doctor Huz's fax on February 26, 2020; Nor did defendant have Plaintiff Scheduled for Surgery or follow up in March or April of 2020. In addition, defendant Knew when asked to verify Plaintiff's application, that plaintiff was legally Blind and had Severe Visual Impairment but did Not indicate it on Medical Verification part of his application as required. See, Exhibit-E. Likewise, defendant did Not put Copies of Doctor Huz's Faxed letters in Plaintiff's Medical Records in attempt to Cover up her Omissions.

23. Defendant Mariejose King, Deputy Superintendent of Programs (DSP) at Clinton Correctional Facility met with Plaintiff in March of 2020 Concerning his application for Reasonable Accommodations For Inmates with Sensorial Disabilities. During, the meeting Plaintiff told Deputy Superintendent King that he was visually impaired and declared Legally Blind by Medical Staff. The Plaintiff also

told defendant King, that his Sensorial Disabilities interfered with his ability to walk, read, and write. The Plaintiff showed two letters faxed by Doctor Huz to Medical Staff in Clinton Infirmary to Deputy Superintendent King and explained how the Medical Staff's Omissions led to his loss of vision in his Right Eye after Cataract Surgery on 2-24-2020. Eventhough, Plaintiff was entitled to Reasonable Accommodations based on his Sensorial Disabilities defendant denied his application Seeking Reasonable Accommodations in March 2020. The defendant Contrary to Susan Devlin-Varin's advice Never reevaluated Plaintiff's application in May of 2020.

24. Defendant Mary Bernadette Sheehan, RN Senior Utilization Review Nurse was Notified in 2020, by Plaintiff's Medical Provider that Plaintiff had Sensorial Disabilities and Suffered from Virtigo dizziness that required he be transported to outside Medical appointments and if transfered to different Correctional Facility by Correction Officers who were trained on how to ambulate inmate with Sensorial Disabilities in Vehicle designed to accommodate inmate with Sensorial Disabilities. The defendant ignored Plaintiff's Medical Providers Order and as a direct result Plaintiff suffered from great pain after being

handcuffed, leg shackled for more than six hours straight upon being transfered to Albany Medical Center, Retina Consultants, PLLC, and New Lions Eye / Glaucoma. The Plaintiff Notified Susan Devlin - Varin that his wrists and ankles were swollen and Numb because correction officers handcuffed and shackled his wrists and ankles so tight blood stopped flowing to his hands and feet. The Plaintiff also told Medical Provider (Varin) that Correction officers transporting him would pick him up and toss him into van that was not designed to accommodate inmates with Sensorial Disabilities Causing him to fall into seat or Metal floor of Van. The Plaintiff Notified Medical Provider about above Circumstances in letter that was not made Part of his Medical Record by Susan Devlin - Varin. The Plaintiff Continues to expierence pain, and Numbness in his wrists, hands, ankles, and feet.

25. The Plaintiff did Not refuse verbally or in writing (Refusal Form) Post Operative care following Cataract Surgery on his Right Eye on 2-24-20.

26. Plaintiff did not recieve Post Operative follow up evaluation Ordered by Doctor Huz on February 25, 2020, Until three months later.

27. Plaintiff had to submit grievance to recieve medical

Care from a physician, Eye Doctor, or hospital.

28. On March 13, 2020, Plaintiff who was being housed in Clinton Correctional Facility in Dannemora New York filed application seeking Reasonable Accommodations as Inmate with Sensorial Disabilities due to suffering from blurred vision in his left eye and being blind in his right eye.

29. On March 13, 2020, MI King Deputy Superintendent of Programs (DSP) at Clinton Correctional Facility reviewed and denied Plaintiff's application for Reasonable Accommodations before Medical Personnel in Clinton Prison reviewed Plaintiff's Medical Records to determine if the Plaintiff was entitled to Reasonable Accommodations because he was Severely Visually Impaired (V230) or Legally Blind (B240). See, Exhibit-E

30. On March 18, 2020, five days after Plaintiff's application for Reasonable Accommodations was denied, Susan Devlin-Varin (Defendant) reviewed Plaintiff's Medical Records and wrote on Plaintiff's application that follow-up Appointment was Necessary, "will Need revaluation after eye Surgery approx 5/2020". Notably, Susan Devlin-Varin (Plaintiff's Medical Provider) Knew at time from Conversing with plaintiff that he was Suffering from blurred vision and loss all sight in his right eye following Cataract Surgery On February 24, 2020. Nurse Practitioner

Varin Never Scheduled Plaintiff for eye surgery after making her determination that Plaintiff's Sensorial Disabilities should not be medically verified, Nor did Varin or DSP King — reconsider Plaintiff's application in May 2020. See, Exhibit - E

31. On April 24, 2020, approximately one month — after Plaintiff's application for Reasonable Accommodations was denied, the Plaintiff was transported from Clinton Prison to Emergency Unit at Albany Medical Center in Albany New York. Upon being examined by Medical Staff, Plaintiff Complained about worsening right eye inflammation, drainage, blurred vision, and headache over the right side of his face. Plaintiff was evaluated for eye pain. Ophthalmologist diagnosed Plaintiff as having right eye acute angle glaucoma. See Exhibit - F & G

32. In May of 2020, Plaintiff who Could Not see Properly and was denied mobility Instructor fell down Concrete Steps after exiting Messhall inside Clinton Correctional Facility dislocating his — right Shoulder, injuring his back, Knees, and suffered from extreme pain. Plaintiff did Not report his injuries to Staff at Clinton Prison due to his lack of trust of Medical Personnel (Susan Devlin - Varin, et. al)

33. On August 12, 2020, Plaintiff was transported from Clinton Correctional Facility to Emergency Room at hospital in Champlain Valley due to his face being swollen, tears constantly flowing from his Right Eye and him having extremely painful migraine headaches. Subsequently, Plaintiff was transfered to Albany Medical Center via ambulance.

34. On or about August 31, 2020, Garnell Thompson (Plaintiff/GT) was transfered by two Correction officers in a Van from Albany Medical Center to Elmira Correctional Facility.

35. On December 13, 2020, Plaintiff filed Second application Seeking Reasonable Accommodations for Same Sensorial Disabilities he had eight months before in Clinton Prison. Upon reviewing Plaintiff's application at Elmira Correctional Facility Doctor John Ricciardelli read the Same Medical Records as Susan Devlin-Varin, Nurse Practitioner and Medically Verified that the Plaintiff had a Severe Visual Impairment (V230) and is Legally Blind (B240). Thereafter, C. Hill. granted Plaintiff Reasonable Accommodations which were Never given to him during the Seven months, he was housed at Elmira Prison

36. Defendants named in Paragraphs 3 through 9 at all times mentioned herein were employees, agents or Servants of NEW YORK STATE — Corrections and Community Supervision (DOCCS).

37. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 9 above in their entirety.

38. In 2020 Plaintiff was Notified by medical Personnel at New Lions Exe / Glaucoma, — Glaucoma Consultants and Harrison at Upstate Hospital that he may have to have his Right Eye removed.

39. Plaintiff has been denied access to showers, recreation, messhall, Law Library and other Programs, Services and activities conducted by NEW YORK STATE Corrections and Community Supervision due to him Not being able to See properly and Not being able to walk properly.

40. Plaintiff continues to suffer great Pain of body and mind on a daily basis due to defendants deliberate indifference to his health and safety causing him to be paranoid and to have — mood Swings leading to depression.

41. Plaintiff alleges that defendants action or — inaction deprived him of Urgently Needed Medical Care Constituting a Serious deprivation of Medical Care; and that by Communicating with each other

Concerning Plaintiff's medical treatment plan and Medical Appointments defendants knew plaintiff's condition could produce death, degeneration or extreme pain.

Wherefore Plaintiff GARNELL THOMPSON, demand judgment against defendants and each of them in Sum of Ten Million Dollars.

DATED: March 10, 2022

Garnell, Thompson.

GARNELL THOMPSON
Wende Correctional Facility
Wende Rd., P.O. Box 1187
Aiden, New York 14004-1187

# EXHIBITS



# Retina Consultants, PLLC

### Naomi Falk, MD   Pawan Bhatnagar, MD   Howard Tanenbaum, MD
### Jonathan Huz, MD   Chad Bouchard, DO   Scott Greenberg, MD

www.RetinaConsultants.Org



Retina Research
Center

February 25, 2020

*EXHIBIT-A*
*A+ .18*

Clinton County Correctional Infirmary
PO Box 2000
Dannemora, NY 12929

Re: Mr. Garnell Thompson
DIN: 06A0191

To Whom It May Concern:

It has come to our attention that Mr. Thompson was unable to make his appointment today for his post-operative follow up care. It is imperative that Mr. Thompson have an evaluation after his retinal surgery on February 24, 2020.

Instructions for today are below:
1) Remove bandage dressing, save plastic shield to reapply after eye is cleaned.
2) Please clean the eye and around the eye with sterile normal saline solution.
3) Reapply plastic eye shield with one or two piece of tape.

Instill eye drops as directed:

Pred Forte gtts instill one drop in the right eye four times per day
Ocuflox gtts instill one drop in the right eye four times per day.    *> X 14 days.*

Eye shield at all times until follow up.

Please have patient come to Slingerlands for evaluation this week.

Sincerely yours,

Jonathan Huz, M.D.
Assistant Professor of Ophthalmology

Emergency Retina Beeper: 1-(888)-RETINA8 or 1-(888)-738-4628

1220 New Scotland Road, Suite 201, Slingerlands, NY 12159   Tel. (518) 533-6550   Fax: (518) 533-6556

EXHIBIT-Q At. 19

G. Thompson 06A0191 Elmira

| | | Grievance Number<br>CL-0371-20 | Desig./Code<br>I/42 | Date Filed<br>05/05/20 |
|---|---|---|---|---|
| NEW YORK STATE | Corrections and Community Supervision | Associated Cases | | Hearing Date<br>09/17/20 |
| ANDREW M. CUOMO<br>Governor | ANTHONY J. ANNUCCI<br>Acting Commissioner | Facility<br>Clinton Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | | Title of Grievance<br>Reasonable Accommodation Denied | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon a full hearing of the facts and circumstances presented in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is accepted in part.

CORC notes that the grievant's complaint has been reviewed by the Division of Health Services' staff who advise that a complete investigation was conducted and that the grievant is receiving appropriate treatment. It is noted that he does not have an approved Reasonable Accommodation for protective glasses, nor did he request them on his 3/13/20 Request for Reasonable Accommodations. It is noted that his optical issues are being addressed with provider appointments, specialist consultations and diagnostic tests.

CORC asserts that, consistent with HSPM #1.43, the Facility Health Services Director (FHSD) is responsible for all aspects of incarcerated individual care, including referrals for outpatient care. Outside specialists may only make recommendations for treatment; however, the implementation of those recommendations is at the discretion of the provider and FHSD based on their professional judgment.

CORC advises the grievant that the accuracy of medical records can be challenged in accordance with HSPM, Item #4.02.

With respect to the grievant's appeal, CORC finds insufficient evidence to substantiate violations of Department policy or malfeasance by staff. It is recommended that he address further Reasonable Accommodation concerns to the DSP at his current facility for the most expeditious means of resolution.

JNA/

---

---

Received

NOV 1 8 2020

Inmate Grievance
Supervisor

This document has been electronically signed by Shelley M. Mallozzi



# Retina Consultants, PLLC

Naomi Falk, MD   Pawan Bhatnagar, MD   Howard Tanenbaum, MD
Jonathan Huz, MD   Chad Bouchard, DO   Scott Greenberg, MD

www.RetinaConsultants.Org



Retina Research
Center

February 25, 2020

Clinton Correctional Facility
Garnell Thompson

**EXHIBIT- C**
**AT.20**

Re: Post-surgical follow up

Dear Mr. Thompson,

It has come to my attention that did not make it to your post-operative evaluation on February 25, 2020. This is a letter to stress the importance of following up for post-operative care. The risks of not following up after surgery include but are not limited to, irreversible retinal damage, loss of eye, or loss of vision. We will reschedule you for another follow up appointment, we expect that you make it to this appointment.

Sincerely yours,

Jonathan Huz, M.D.
Assistant Professor of Ophthalmology

Emergency Retina Beeper: 1-(888)-RETINA8 or 1-(888)-738-4628

1220 New Scotland Road, Suite 201, Slingerlands, NY 12159  Tel. (518) 533-6550  Fax: (518) 533-6556

FORM 3180A (4/12)     STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**DIVISION OF HEALTH SERVICES**

## HEALTH PROVIDER ORDER SHEET

*EXHIBIT- D*
*At . 20*

DIAGNOSIS: Pre/post Procedure

Patient Name: Thompson, Gavril

Drug Sensitivity: ☐ Yes  ☑ No

DIN: 06A0191

Specify: Cataract Removal D eye

Facility Name: CCF

| Order Date & Time | ORDERS | Medication Start Date | Stop Date | Nurse attending to order |
|---|---|---|---|---|
| 2/23/2020 12:40p | Admit to infirmary | | | |
| | Diet as tolerated NPO procedure 2/24/2020 | | | |
| | vital signs q day; then q shift post procedure | | | |
| | shower → chlorhexidine 4% | | | A/McD S/Mn 2/23/2020 12:40p |
| | prior to procedure | To: Dr. Lav | | |
| | 1:1 meds as follows | | | |
| | Amlodipine 10mg PO q day | | | |
| | → Bumetanide 1mg PO q day (½ tab) | | | Helip Ahh 2/24/2020 |
| | Clonidine 0.3mg PO BID | | | |
| | Isosorbide Mononitrate ER 30mg PO q day | | | |
| | Losartan 25mg PO q day | | | |
| | Metoprolol Succinate SR 24° 50mg PO q day | | | |
| | Lantus 30 units SQ q PM | | | |
| | — FSBS PRN encourage to do at least weekly | | | |
| 2/25/20 | give additional dose of clonidine | | | |
| | Na 0.3mg (if BP ≥ 150/90 | | | |
| | hold 4 PM dose. | | | |

Sheet #: _____

White Copy   -   Medical Record
Yellow Copy   -   Pharmacy

**EXHIBIT E**
**At. 22**

RECEIVED
MAR 1 3 2020
DSP OFFICE

PHOTOCOPY LOCALLY AS NEEDED

### STATE OF NEW YORK – DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## REQUEST FOR REASONABLE ACCOMMODATIONS FOR INMATES WITH SENSORIAL DISABILITIES

Inmate's Name _Thompson, Benell_ DIN _06A0191_ Facility _Clinton_ Date _____

☐ I do not request reasonable accommodations

☒ I request reasonable accommodations as indicated below for the following program or service: _____

Check to indicate request

| HEARING IMPAIRMENT | | | VISUAL IMPAIRMENT | |
|---|---|---|---|---|
| Requested | | Approved | Requested | Approved |
| ☐ | Qualified Sign Lang. Interpreter | ☐ | ☒ Large Print | ☐ |
| ☐ | TTD/TTY | ☐ | ☒ Orientation & Mobility Instruct | ☐ |
| ☐ | Telephone Amplifier | ☐ | ☐ Mobility Assistants/Sighted Guide | ☐ |
| ☐ | Closed Caption Television | ☐ | ☐ Guidance Cane | ☐ |
| ☐ | Sound Amplification Systems | ☐ | ☐ Support Cane | ☐ |
| ☐ | Hearing Aids/Batteries | ☐ | ☒ Braille Print | ☐ |
| ☐ | Notification Systems | ☐ | ☒ Braille Equipment | ☐ |
| ☐ | Visual Smoke Detector | ☐ | ☒ Magnifiers | ☒ |
| ☐ | Preferred Seating | ☐ | ☐ Tape Player/Cassettes | ☐ |
| ☐ | Shake Awake Alarm | ☐ | ☒ Lamp | ☐ |
| ☐ | Pocket Talker | ☐ | ☒ Visor/Sunglasses for indoor use | ☐ |
| | | | ☐ Other _____ | ☐ |

_____ (signature) _____ MJ. King, DSP _____ [signature] 3/13/2020
(Inmate's Signature)      (Staff Name/Title)      (Staff Signature)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEDICAL VERIFICATION (Use established definitions)

☐ Severe Visual Impairment (V230)   ☐ Legally Blind (B240)   ☐ Non Significant Hearing Loss (HL30)

☐ Hard of Hearing (HL20)   ☐ Deaf (HL10)

☐ No Medical Verification on File  Follow-up Appointment Necessary? ☒ Yes ☐ No

_will need reevaluation after eye surgery #F/4 approx 5/2020 3-18-2020_

_S Devlin Varin FNP-C_     _S Devlin Varin FNPC_     _3-18-2020_
(Medical Staff - Name/Title)    (Med. Staff Signature)    (Date)

**Return this form to the Staff member whose name appears next to the inmate's signature above.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REASONABLE ACCOMMODATION DETERMINATION

The reasonable accommodations requested above have been:

     ☐ Approved as requested

     ☐ Modified - accommodations which have been approved are marked above

     ☐ Denied

     ☐ Pending medical verification

EXPLANATION of modification or denial: _____

_____ _____ _____
(DSP or designee)      (Signature)      (Date)

**This section is to be completed by the inmate.**

     ☐ I agree      ☐ I disagree with this determination

     ☐ I want to meet with the Superintendent or designee during this review.

     ☐ I want to have an interpreter with me or other assistive device during this meeting.

_____ _____
(Inmate's Signature)      (Date)

Exhibit-F
At.28

**AMC**

43 New Scotland Ave
Albany NY 12208
Phone: 5182623111

| Soarian© Chart Report - Visit | |
|---|---|

| | | | |
|---|---|---|---|
| **Name:** | GARNELL THOMPSON | **MRN:** | 7209134 |
| **DOB:** | 04/08/1966 | **Patient ID:** | 325612612 |
| **Age/Sex:** | 54Y/M | **MPI:** | 7209134 |
| **Arrival Date/Time:** | 04/24/2020 20:22 | | |
| **Provider:** | Warren Hayashi, MD, Peter Gordon, MD, Stephanie Tsang, DO | | |
| **Primary Care Physician:** | UNKNOWN UNKNOWN | | |
| **PCP Phone Number:** | | | |

## Visit Information

| | | | |
|---|---|---|---|
| Arrival Date/Time: | 04/24/2020 20:22 | Discharge Date/Time: | |
| Patient Complaint: | IX Worsening inflammation of R eye | Treating Complaint: | |
| Disposition: | | Dispositioning Provider: | |
| Disposition Diagnoses: | | | |

## Triage Note

*Preliminary*

**Collected On: 04/24/2020 20:26**
**Triage Start Time**
Start Time 4/24/2020 20:26.

**Arrival Information**
Seen by Nurse 4/24/2020 20:26; Communication Barrier None, Historian Self, Accompanied by Law Enforcement, Arrived from Acute Care Facility, Arrival Mode Walk-in Method Ambulatory.

**HPI**
Patient Stated Complaint IX Worsening inflammation of R eye,
Narrative of Presenting Problem
54yo male inmate presents from OSH with c/o worsening right eye inflammation and worsening vision. Pt reports he had sx on his right eye in February. Pt reports that for the past four days he has had worsening inflammation, drainage, blurred vision, and headache over the right side of his face. Pt denies any fevers or chills at this time. Pt HTN but otherwise VSS and afebrile. Pt has hx of HTN and DM
Duration 4 Days.

**Past History**
Allergies
- NKDA

Medical and Surgical History Medical Diabetes Mellitus, Hypertension; Surgical sx on right eye .

| | | | | | |
|---|---|---|---|---|---|
| **Name:** | GARNELL THOMPSON | **MRN:** | 7209134 | **Patient ID:** | 325612612 |

Chart Report - Visit  Page 1 of 2

Copyright © Cerner Health Services, Inc. All rights reserved.
Crystal Reports © 2020 Business Objects SA. All rights reserved.

Printed By: Hamlett, Jennifer RN
Printed On: 25-Apr-20 06:35

Exhibit G
At. 31

*TB Discharge Packet On Demand (Group) - EDR - Print - Page 1 of 6*



# ALBANY MEDICAL CENTER

Emergency Department
43 New Scotland Avenue
Albany, New York 12208
Main Hospital - (518) 262-3125
Emergency Department - (518) 262-3131

| **Soarian© Tracking Board Discharge Report - Discharge Instructions** | | | |
|---|---|---|---|
| **Name:** | GARNELL  THOMPSON | **MRN:** | 7209134 |
| **DOB:** | 04/08/1966 | **Acct No:** | 325612612 |
| **Age/Sex:** | 54Y/M | **MPI:** | 7209134 |
| **Arrival Date/Time:** | 04/24/2020  20:22 | | |
| **Provider:** | Warren Hayashi, MD, Peter Gordon, MD, Stephanie Tsang, DO | | |
| **Primary Care Physician:** | UNKNOWN UNKNOWN | | |
| **PCP Phone Number:** | | | |

## Visit Information

You were seen in the AMC Emergency Department.

| | |
|---|---|
| Arrival Date/Time: | 04/24/2020 at  8:22 pm |
| Your chief complaint was: | IX Worsening inflammation of R eye |
| Your diagnosis is: | |

## Discharge Instructions

**Patient Education**

**Thank you for visiting the AMC Emergency. You were seen and evaluated for eye pain. The ophthalmologist diagnosed you with right eye acute angle glaucoma, education given below. They gave you medications which successfully decreased the pressure in your eye however the medication needed**