UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

GARNELL THOMPSON,

                                    Plaintiff,                    Civil Action No.
                                                                  9:22-CV-0289
                    v.                                            (TJM/CFH)

NEW YORK STATE CORRECTIONS AND
COMMUNITY SUPERVISION, et al.,

                                    Defendants.

─────────────────────────────────────

APPEARANCES:                                                      OF COUNSEL:

GARNELL THOMPSON
06-A-0191
Plaintiff, pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        On or about March 25, 2022, pro se plaintiff Garnell Thompson ("plaintiff"), an inmate

currently in the custody of the New York State Department of Corrections and Community

Supervision ("DOCCS"), commenced this action with the filing of a complaint, Dkt. No. 1

("Compl."), accompanied by an application to proceed in the action in forma pauperis ("IFP"),

Dkt. No. 2.  At that time, plaintiff also filed a motion for a preliminary injunction and a motion

for the appointment of pro bono counsel.  Dkt. No. 4 ("Motion for Injunction"); Dkt. No. 5

("Counsel Motion").  Because the IFP application was incomplete, the Court issued an Order

on March 30, 2022, closing the action and advising plaintiff that, if he wished to pursue this action, he must either pay the full filing fee required for commencing an action in this District or submit a new, complete IFP application.  Dkt. No. 6.  On or about April 11, 2022, plaintiff filed a second IFP application, and the action was reopened on the same date.  Dkt. Nos. 7-8.  The Clerk has now forwarded plaintiff's second IFP application, complaint, Motion for Injunction, and Counsel Motion for the Court's review.

## II.     IFP APPLICATION

Section 1915 of Title 28 of the United States Code ("Section 1915") "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."[1]  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee at the time . . . of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that plaintiff has submitted a completed and signed IFP application, Dkt. No. 7, that demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).

---

[1]  Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  PACER Case Locator, https://pcl.uscourts.gov/pcl/pages/search/findPartyAdvanced.jsf (last visited June 10, 2022).  Based on that review, it does not appear that plaintiff had acquired three strikes for purposes of Section 1915(g) as of the date this action was commenced.

Plaintiff has also filed the inmate authorization form required in this District.  Dkt. No. 3.

Accordingly, plaintiff's second IFP application is granted.

## III.    PLAINTIFF'S COMPLAINT

### A.    Legal Standard Governing the Court's Sua Sponte Initial Review of Plaintiff's Complaint

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall

dismiss the case at any time if the court determines that. . . the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]

Thus, even if a plaintiff satisfies the financial criteria to commence an action IFP, it is the

Court's responsibility to determine whether the plaintiff may properly maintain the complaint

that he filed in this District before the Court may permit him to proceed with the action IFP.

*See id*.

Likewise, under 28 U.S.C. § 1915A ("Section 1915A"), a court must review any

"complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity" and must "identify cognizable claims or dismiss

the complaint, or any portion of the complaint, if the complaint. . . is frivolous, malicious, or

fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a

defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171

F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that Section 1915A applies "to all civil

complaints brought by prisoners against governmental officials or entities regardless of

whether the prisoner has paid the filing fee"); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[2]  A complaint is frivolous for purposes of Section 1915 when it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3

2007) (finding that both Sections 1915(e)(2)(B) and 1915A provide a basis for screening prisoner's complaints).

In reviewing a pro se litigant's complaint, the court has a duty to liberally construe the pleadings, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

4

**B.    Summary of the Complaint**

Although plaintiff is now confined elsewhere, at all times relevant to the claims in this action, plaintiff was confined in Clinton Correctional Facility ("Clinton C.F."), a prison operated by DOCCS.  The following facts are as alleged in the complaint.

On February 24, 2020, plaintiff underwent "retinal surgery" in his right eye by Dr. Jonathan Huz, an ophthalmologist employed with Retina Consultants, PLLC.  Compl. at 5, 18 (Exhibit A).  The next day, Dr. Huz faxed a letter to Clinton C.F. describing the post-operative care plaintiff required.  *Id*. at 18 (Exhibit A).  Dr. Huz also sent a letter directly to plaintiff that "stress[ed] the importance of following up for post-operative care" and warning plaintiff that the risks of failing comply with the instructions included "irreversible retinal damage, loss of eye, or loss of vision."  *Id*. at 20 (Exhibit C).  Plaintiff alleges that defendants DOCCS, Director of Clinton C.F. Facility Health Services John Doe, Clinton C.F. Nurse Administrator Mathew Rushford, and Clinton C.F. Nurse Practitioner Susan Devlin-Varin all received and read the letters from Dr. Huz and failed to provide plaintiff with the required post-operative medical care.  *Id*. at 5-9.  As a result of the failure to provide this care, plaintiff lost his vision in his right eye in March 2020.  *Id*. at 7.  Subsequently, in August 2020, plaintiff's symptoms required emergency medical treatment from outside medical facilities.  *Id*. at 14.  Plaintiff was notified some time in 2020 "that he may have to have his right eye removed."  *Id*. at 15.

Plaintiff requested disability accommodations at Clinton C.F. once he lost his vision.  *See, e.g.,* Compl. at 8-10, 13, 22 (Exhibit E).  Defendant Devlin-Varin interfered with plaintiff's application for reasonable accommodations by refusing to indicate on the application that plaintiff was legally blind.  *Id*. at 9, 22 (Exhibit E).  Although defendant Devlin-Varin indicated on plaintiff's application that a "Follow-Up Appointment [Is] Necessary" and that such

appointment would occur "approx. 5/2020," defendant Devlin-Varin never scheduled plaintiff for that follow-up appointment.  *Id*. at 9, 13, 22 (Exhibit E).  On March 13, 2020, defendant Clinton C.F. Deputy Superintendent of Programs Mariejose King denied plaintiff's application for reasonable accommodations after meeting with him.  *Id*. at 10, 12, 22 (Exhibit E).  Plaintiff was denied access to certain prison services and programs "due to him not being able to see properly and not being able to walk properly."  *Id*. at 15.

In May 2020, "plaintiff[,] who could not see properly and was denied mobility instructor[,] fell down concrete steps after exiting mess hall inside Clinton [C.F.] dislocating his right shoulder, injuring his back, knees, and suffered from extreme pain."  Compl. at 13. Plaintiff did not report his injuries to prison staff.  *Id.*

Defendant Clinton C.F. RN Senior Utilization Review Nurse Mary Bernadette Sheehan learned from plaintiff's medical providers that plaintiff has sensorial disabilities prior to plaintiff's transfer to outside medical facilities.  Compl. at 10-11.  The medical providers further told defendant Sheehan that any transfer should be conducted "by correction officers who were trained on how to ambulate inmate[s] with sensorial disabilities in vehicles designed to accommodate inmate[s] with sensorial disabilities."  *Id.* at 10.  Defendant Sheehan ignored this advice, and, as a result, plaintiff suffered injuries during the transport. *Id.* at 11.  Defendant Varin learned of plaintiff's injuries suffered during the transport and refused to file plaintiff's letter complaining of the circumstances in his medical file.  *Id.*

Plaintiff was transferred to Elmira Correctional Facility on or about August 13, 2020, and in December 2020, plaintiff was granted the reasonable accommodations he originally requested at Clinton C.F.  Compl. at 14.

6

In addition to the defendants identified above, the complaint names the Central Office Review Committee ("CORC") as a defendant.  Compl. at 1-2, 5-6.  Liberally construed, plaintiff's complaint asserts (1) Eighth Amendment deliberate medical indifference claims against defendants DOCCS, CORC, Doe, Rushford, and Devlin-Varin; (2) Eighth Amendment failure to protect claims against defendants Sheehan and Devlin-Varin; (3) Americans with Disabilities Act ("ADA") and Rehabilitation Act claims against defendants DOCCS, King, and Devlin-Varin.  *See id.* at 4.  Plaintiff seeks monetary damages as relief.  *Id.* at 16.

### C.    Analysis

#### 1.  Claims Arising Under 42 U.S.C. § 1983

Plaintiff's Eighth Amendment claims are brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

#### a.  DOCCS and CORC

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");  *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  Eleventh Amendment

immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp*, 568 F.3d at 365-66. It is well-settled that Congress did not abrogate states' immunity through Section 1983. *Quern v. Jordan*, 440 U.S. 332, 343-45 (1979). State immunity extends to state agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-47 (1993); *McGinty v. N.Y.*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). Because it is well established that DOCCS is a New York State agency immune from suit under Section 1983, *see, e.g., Ala. v. Pugh*, 438 U.S. 781, 782 (1978); *Santiago v. New York State Dep't of Corr. Servs.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991), plaintiff's Section 1983 claims asserted against that entity are dismissed pursuant to Sections 1915(e)(2)(B)(iii) and 1915A(b)(2).

Similarly, CORC is a committee within DOCCS. *Robinson v. New York State Dep't of Corr. Servs.*, No. 08-CV-0911, 2009 WL 3246818, at *9 n.14 (N.D.N.Y. Sept. 30, 2009). Because it is not a person amenable to suit for purposes of Section 1983 claims, *see, e.g., Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) ("To prevail on a claim under [Section] 1983, a plaintiff must allege (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state law." (internal quotation marks and alteration omitted)), plaintiff's Section 1983 claims against defendant CORC are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

**b.  Eighth Amendment Deliberate Medical Indifference Claims Asserted Against Defendants Doe, Rushford, and Devlin-Varin**

The complaint alleges that defendants Doe, Rushford, and Devlin-Varin all received the letters Dr. Huz's letters that provided post-operative care instructions and listed the risks to plaintiff's health of failing to comply with the instructions.  Compl. at 6-9.  None of those defendants provided plaintiff with the necessary follow-up care.  *Id.*

The Eighth Amendment to the United States Constitution mandates that prison officials provide adequate medical care to inmates.  *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).  "An Eighth Amendment claim arising out of inadequate medical care requires a demonstration of deliberate indifference to a prisoner's serious medical needs."  *Hill*, 657 F.3d at 122 (internal quotation marks omitted).  A deliberate medical indifference claim has objective and subjective components.  *Hill*, 657 F.3d at 122.  "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).  As to the subjective element, an official acts with deliberate indifference when he knows of and disregards an excessive risk to inmate health or safety.  *Hill*, 657 F.3d at 122 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Mindful of the obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will require defendants Rushford, Devlin-Varin, and John Doe to respond to the complaint with respect to the Eighth Amendment deliberate medical indifference claims asserted against them.  In so

9

*Id.* at 10-11.  Afterwards, plaintiff notified defendant Devlin-Varin of his injuries, and defendant Devlin-Varin refused to include his letter describing the circumstances of his transport in his medical file for future reference.  *Id.* at 11.

"The Eighth Amendment requires prison officials to 'take reasonable measures to guarantee the safety of the inmates.'"  *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (quoting *Farmer*, 511 U.S. at 832); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) ("[A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.").  Prison officials may be held liable under Section 1983 for failing to protect an inmate from conditions posing a substantial risk of serious harm.  See *Farmer*, 511 U.S. at 836.  To establish a "failure to protect" claim, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and that prison officials acted with deliberate indifference to that risk and the inmate's safety.  *Id.*; *accord, Morgan*, 956 F.3d at 89.

Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, the Court will require defendants Sheehan and Devlin-Varin to respond to the complaint with respect to the Eighth Amendment failure to protect claims asserted against them.  In so ruling, the Court expresses no opinion as to whether those claims can withstand a properly filed dispositive motion.

### 2.  ADA and Rehabilitation Act Claims Asserted Against DOCCS, King, and Devlin-Varin

Plaintiff's complaint alleges that, after losing his vision in his right eye in March 2020, plaintiff applied for disability accommodations at Clinton C.F.  *See* Compl. at 9, 22 (Exhibit E).

When defendant Devlin-Varin completed the "medical verification" portion of the application, she failed to indicate that plaintiff had vision loss.  Compl. at 8, 22 (Exhibit E).  Plaintiff alleges that defendant Devlin-Varin's written comment on the accommodation application noting that plaintiff needed re-evaluation after surgery was "belied by fact that Susan Devlin-Varin did not make any appointments for plaintiff to receive follow up care[.]"  *Id*. at 9.  Defendant King denied plaintiff's requests for accommodations after meeting with plaintiff.  *Id*. at 9-10, 22 (Exhibit E).  The complaint further alleges that, because of his loss of vision, he has difficulties walking, reading, and writing, and that he has been "denied access to showers, recreation, messhall, law library and other programs and services and activities conducted by [DOCCS]."  *Id*. at 10, 15.

Title II of the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Similarly, Section 504 of the Rehabilitation Act requires that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]"  29 U.S.C. § 794(a).  Because the elements of plaintiff's ADA and Rehabilitation Act claims for disability discrimination are the same, the Court considers these claims together and applies a single analysis to both.  *See, e.g., Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999) ("Because Section 504 of the Rehabilitation Act and the ADA impose identical requirements, we consider these claims in tandem.").

To state a claim under those provisions, a plaintiff must allege "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Phelan v. Thomas*, 439 F. App'x 48, 50 (2d Cir. 2011) (citing *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)).  Both Title II of the ADA and Section 504 of the Rehabilitation Act apply to state prisons and their prisoners.  *Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998).

Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, the Court will require defendants DOCCS, Devlin-Varin, and King to respond to the complaint with respect to the ADA and Rehabilitation Act claims asserted against them.  In so ruling, the Court expresses no opinion as to whether those claims can withstand a properly filed dispositive motion.

IV.    **MOTION FOR INJUNCTION**

Plaintiff's motion for a preliminary injunction seeks a Court Order enjoining DOCCS and its agents from denying plaintiff reasonable accommodations for his disabilities.  Motion for Injunction at 1-2.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y.S. Dep't of Fin. Servs.*, 769 F.3d 105, 119 (2d Cir. 2014) (quoting *Lynch v. N.Y.*, 589 F.3d 94, 98 (2d Cir.

13

2009)).  When the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is heightened.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (internal quotation marks omitted).

"'[T]he single most important prerequisite for the issuance of a preliminary injunction'" is a showing that the moving party will suffer irreparable harm.  *Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, 437 F. App'x 57, 58 (2d Cir. 2011) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)).  Speculative injury is not the province of injunctive relief.  *City of L.A. v. Lyons*, 461 U.S. 95, 111-12 (1983).  Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that, "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).

With due regard to plaintiff's pro se status, he has not demonstrated irreparable harm in support of his motion  While plaintiff alleges that the requested injunction "is required to protect [him]" and that he "may suffer serious injuries that could be fatal" in the absence of such an injunction, he offers no allegations or evidence to support these broad and vague claims.  Plaintiff's motion is subject to denial on this basis alone.

Even assuming, however, that plaintiff sufficiently demonstrated that he may suffer irreparable harm, the motion for injunctive relief is nevertheless denied because plaintiff has

14

failed to demonstrate, with evidence, a "clear and substantial" showing of a likelihood of success or that extreme or very serious damage will result if the motion is denied.  Indeed, plaintiff offers insufficient evidence to even meet the lesser standard required for a prohibitory injunction – a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *See Moore*, 409 F.3d at 510 (finding that preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  After reviewing plaintiff's submission, the Court finds that plaintiff has failed to meet the burden required for issuance of the preliminary injunctive relief requested.

Finally, plaintiff's motion is denied on the additional basis that it appears plaintiff's request is moot.  While plaintiff requests an Order directing DOCCS and its agents to provide him with reasonable accommodations, in his complaint, he alleges that he received all the accommodations he originally requested once he was transferred to a new prison facility.  Compl. at 14.  Plaintiff does not allege that any of those accommodations have been revoked or that he has been denied any newly requested accommodations.  Accordingly, plaintiff's motion is denied as moot.

## V.    COUNSEL MOTION

The statute that governs IFP proceedings provides, in relevant part, that "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).  That section, however, does not require that counsel be appointed for every indigent civil litigant.  Although the United States Constitution assures that indigent litigants have "meaningful

15

access" to the courts, it does not guarantee that all such parties will receive the benefit of *pro bono* representation.  *Hodge*, 802 F.2d at 60 (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)).  Instead, section 1915(e) confers broad discretion on the courts to appoint counsel to deserving indigent litigants in appropriate circumstances.  *Hodge*, 802 F.2d at 60-62.

There is no bright line test to be applied when a pro se, indigent civil litigant seeks appointment of counsel.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  The factors informing the decision of whether to exercise discretion in favor of appointing counsel were summarized by the Second Circuit in its decision in *Hodge*:

> In deciding whether to appoint counsel . . . , the [Court] should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62.  In weighing these factors, each case must be decided on its own merits.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).  Of these criteria, the Second Circuit has "stressed the importance of the apparent merits of the indigent's claim."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  While a plaintiff need not demonstrate that he can win his case without the aid of counsel, he does have to show "likely merit."  *McDowell v. State of New York*, No. 91-CV-2440, 1991 WL 177271, at *1 (S.D.N.Y. 1991).

Plaintiff argues that he is entitled to pro bono counsel in this action because it "is complicated," he is blind, he "can not [sic] have unlimited access to legal resources to litigate [his] case due to restrictions imposed . . . by [DOCCS]," and he does "not know civil law

16

well."  Counsel Motion at 1-2.  With due regard for plaintiff's pro se status, the circumstances

he describes, including unfamiliarity with the law and limited access to legal resources, are

not unlike those many pro se inmate-plaintiffs face in litigating civil lawsuits and do not

provide a basis for granting plaintiff's motion.  This action was only recently commenced, and

none of the defendants have yet responded to the allegations contained in plaintiff's

complaint.  The threshold for surviving review under Sections 1915 and 1915A is minimal,

and the Court's finding that plaintiff's complaint should be accepted for filing with respect to

some of his claims is hardly the product of a thorough analysis of the likely merits of the

case.  Accordingly, plaintiff's request for appointment of counsel is denied without prejudice.

Plaintiff is advised that, in the event this action should proceed to trial, the Court will revisit

this determination and likely appoint counsel for trial.

## VI.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's application to proceed in the action in forma pauperis (Dkt.

No. 7) is **GRANTED**.[5]  The Clerk shall provide the superintendent of the prison facility in

which plaintiff is currently confined with a copy of plaintiff's inmate authorization form (Dkt.

No. 3) and notify the official that this action has been filed and that plaintiff is required to pay

the entire statutory filing fee $350.00 pursuant to 28 U.S.C. § 1915;[6] and it is further

---

[5]  Plaintiff should note that, although his IFP application has been granted, he will still be required to pay fees
that he may incur in this action, including copying and/or witness fees.

[6]   While Section 1915 permits indigent litigants to commence a civil action in federal court without prepayment
of the filing fee, those litigants "must subsequently pay the fee, to the extent [they are] able to do so, through
periodic withdrawals from [their] inmate accounts."  *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b);
*Harris*, 607 F.3d at 21).

**ORDERED** that the Clerk shall provide a copy of plaintiff's inmate authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that plaintiff's complaint (Dkt. No. 1) is **ACCEPTED for filing** in accordance with this Decision and Order to the extent it asserts (1) Eighth Amendment deliberate medical indifference claims against defendants Doe, Rushford, and Devlin-Varin; (2) Eighth Amendment failure to protect claims against defendants Sheehan and Devlin-Varin; and (3) ADA and Rehabilitation Act claims against defendants DOCCS, King, and Devlin-Varin; and it is further

**ORDERED** that, except as to the foregoing, the remaining claims asserted in the complaint are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the complaint and attached exhibits, to the United States Marshal Service for service of process on defendants Rushford, Devlin-Varin, Sheehan, DOCCS, and King.  The Clerk shall also forward copies of the summonses and complaint (with attached exhibits) to the Office of the New York State Attorney General; and it is further

**ORDERED** that a response to plaintiff's complaint shall be filed by defendants Rushford, Devlin-Varin, Sheehan, DOCCS, and King, or their counsel, as provided for in the Federal Rules of Civil Procedure after service of process on those individuals; and it is further

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant John Doe, against whom one of plaintiff's Eighth Amendment deliberate medical indifference claims is asserted.  Plaintiff's failure to timely serve that defendant will

18

result in dismissal of the claim asserted against defendant John Doe and termination of that defendant from the action; and it is further

      **ORDERED** that the Clerk shall **TERMINATE** from the docket defendant CORC; and it is further

      **ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED**; and it is further

      **ORDERED** that plaintiff's motion for the appointment of pro bono counsel (Dkt. No. 5) is **DENIED**; and it is further

      **ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action</u>**; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

**DATED:**  June 14, 2022

Thomas J. McAvoy
Senior, U.S. District Judge